10 A.3d 898

**Marjorie GOLDMAN, Petitioner**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, Respondent.**

**Edmund Wiza, Petitioner**

v.

**Southeastern Pennsylvania Transportation Authority, Respondent.**

**Michael J. Maguire, Petitioner**

v.

**Southeastern Pennsylvania Transportation Authority, Respondent.**

**Errol Davis, Petitioner**

v.

**Southeastern Pennsylvania Transportation Authority, Respondent.**

Supreme Court of Pennsylvania.

Dec. 20, 2010.

## *ORDER*

PER CURIAM.

**AND NOW,** this 20th day of December, 2010, the Petition for Allowance of Appeal is **GRANTED.** The issues, as stated by Petitioners, are as follows:

1. Whether the Commonwealth Court in a case of first impression—for the first time in SEPTA's 46 years existence—incorrectly held, because the court failed to follow the United States Supreme Court's mandated "arm of the state" jurisprudence, that SEPTA is not obligated to comply with federal laws, stripping SEPTA employees of the rights and protections railroad employees have enjoyed for a century under the Federal Employers' Liability Act.

2. Whether the Commonwealth Court's decision should be reversed because the decision (a) ignores the United States Supreme Court's mandate in *Lake County* and *Hess* that sovereign immunity must be determined based upon a detailed analysis of several specific factors against which to determine an entity's nature and structure and (b) was only based on the state legislature's label of SEPTA as a "Commonwealth Agency and Instrumentality," and the Commonwealth's partial voluntary funding of SEPTA.

3. Whether the Commonwealth Court improperly held, in a case of first impression, that all claims brought under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51–60, were completely barred by the Pennsylvania Sovereign Immunity Act, 42 Pa.C.S. § 8522(B), rather than leaving it to the trial courts to decide each FELA accident on a case by case basis as is done in all other personal injury actions.